UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM SMOAK FAIREY, JR., | ) | Civil Action No.: 4:09-cv-1610-SB-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| SECRETARY, FLORIDA DEP'T OF | ) | |
| CORRECTIONS, and ATTORNEY | ) | |
| GENERAL OF SOUTH CAROLINA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Petitioner currently resides in Sarasota, Florida and is serving a four year term of probation

as a result of a criminal conviction in the Court of General Sessions, Horry County, South Carolina.

Petitioner, appearing pro se, filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254[1] on March 11, 2009, in the Middle District of Florida.  The action was transferred to this Court

on June 18, 2009.    Respondents filed a Motion for Summary Judgment (Document # 21) on

September 30, 2009, along with a Return and supporting Memorandum.  The undersigned issued an

order pursuant to  Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the

motion for summary judgment procedure and the possible consequences if he failed to file a

response.   Petitioner filed a Response (Document # 26) in opposition to the Motion for Summary

Judgment on November 4, 2009.  On May 5, 2010, Petitioner filed a Motion to Stay State Court

Proceedings (Document # 27) pursuant to 28 U.S.C. § 2251(a)(1) and, later, a Motion to Expedite

---

[1] This habeas corpus case was automatically referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive
motion, this report and recommendation is entered for review by the district judge.

(Document # 28) the Motion to Stay State Court Proceedings.

## II.    PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

On January 26, 1998, Petitioner was served with an arrest warrant for obtaining goods and monies under false pretenses. R. 149. The warrant was dismissed on July 23, 1998. R. 155. On June 23, 2001, Petitioner was indicted by a grand jury for the same charge of obtaining goods and monies under false pretenses. R. 191. Petitioner was represented by Richard Weldon. On July 23, 2002, the trial judge granted Weldon's motion to withdraw as counsel.

Petitioner was tried in his absence and without counsel on July 21, 2004 before the Honorable John L. Breeden, Jr. and a jury. R. 21-95. He was found guilty and his sentence was sealed. R. 95, 190.

Subsequently, Petitioner retained new counsel, Gregory McCollum, Esquire, and moved to vacate his sentence and for a new trial. R. 106. On October 21, 2004, the Petitioner appeared before Judge Breeden, who denied his motion for a new trial, but reconsidered his original sentence of 8 years, suspended to 5 years and restitution. Judge Breeden sentenced the Petitioner to 8 years, suspended 4 years and 4 years probation and restitution of $25,000 to the victim. R. 147.

Petitioner appealed his conviction and sentence. On appeal, he was represented by Eleanor Duffy Cleary, Esquire, of the S.C. Commission on Indigent Defense and C. Bradley Hutto, Esquire. On October 18, 2006, a Final Brief of Appellant was filed in the South Carolina Court of Appeals in which Petitioner asserted the following issues:

I. The trial court erred in holding appellant's trial in his absence and the absence of an attorney to represent him where the state failed to show that he (1) received notice of the right to be present and (2) warned the trial would proceed in his absence.

II. The trial court erred in finding that appellant knowingly and intelligently waived his right to counsel where the record showed that he was never warned of the dangers of self-representation.

III. The trial court erred in refusing to grant appellant's request for documents relating to the grand jury to prepare for his defense.

State v. Fairey, Final Brief of Appellant, p. 3. The Respondent, represented by Assistant Attorney General N. Mark Rapoport made their Final Brief of Respondent on September 6, 2006. On April 16, 2007, the South Carolina Court of Appeals entered its opinion affirming the conviction, State v. Fairey, 374 S.C. 92, 646 S.E.2d 445 (S.C. Ct. App. April 16, 2007).

Petitioner made a Petition for Rehearing on May 1, 2007. On June 28, 2007, the Court of Appeals issued its Order denying rehearing. State v. Fairey, Order Denying Petition for Rehearing, (S.C. Ct. App. June 28, 2007).

On August 28, 2007, the Petitioner filed a Petition for Writ of Certiorari to the South Carolina Supreme Court. In this petition, Petitioner asserted two issues:

I. Did the Court of Appeals err in holding the petitioner received notice of the right to be present and that his trial would proceed in his absence where the state failed to send notice to the last address provided by petitioner and he was not provided notice the trial would proceed in his absence?

II. Did the Court of Appeals err in holding that Petitioner knowingly and intelligently waived the right to counsel where the record showed that he was never warned of the dangers of self-representation and where petitioner did not engage in dilatory conduct warranting a finding of waiver of counsel by conduct?

State v. Fairey, Petition for Writ of Certiorari, S.C. S.Ct., p. 3. Respondent made a Return to the petition on October 27, 2007. On June 26, 2008, the South Carolina Supreme Court entered its Order

that the petition for writ of certiorari was denied. Order, June 26, 2008.  On June 27, 2008, the remittitur letter was sent from the South Carolina Court of Appeals.

## III.    GROUNDS FOR RELIEF[2]

Petitioner raises the following grounds for relief in his <u>pro se</u> Petition for Writ of Habeas Corpus:

**GROUND ONE**:  Right to Be Present at Trial, Amendment VI, Constitution of the United States.

> **SUPPORTING FACTS**: I was never given notice of trial. The Court and the State sent numerous documents and orders to me at my home in Florida, but for reasons unknown, failed to send the most important document, the notice of trial, to me.  The court had issued an Order in April 2003 stating that I "was to keep the Court and the State informed of any changes in his address." This order was mailed to me at 5629 Boulder Blvd, Sarasota, Florida. I was arrested for failure to appear, on October 4, 2004 at the same address, having never moved since the date of the Order.

> The State claimed that they could not find me for trial even though numerous documents and orders had been sent and returned to my home in Florida.

> I was not allowed to confront witnesses against me. I was not present for voir dire, opening statements, examination, cross-examination, closing arguments, jury instructions; none of the proceedings.

> The State also admitted at trial that they did not send a Notice of Trial to my home in Florida.

**GROUND TWO**: Right to Counsel, Amendment VI and XIV, Constitution of the United States.

> **SUPPORTING FACTS**:  My original attorney requested to be relieved as counsel in June 2002. In his motion, he stated that we "disagreed on trial strategy" and that he "had not been paid for his services." I never received a bill for service from him and have not received one as of the date of this petition. He did not warn me of the dangers of self-representation.

> I proceeded pro se. Motions were made and hearings were held from 2002 through 2003. At

---

[2]Petitioner asserted three grounds for relief in his Petition but later moved to amend the Petition to remove the third ground, ineffective assistance of appellate counsel, because the ground has not been exhausted.  The court has entered a separate order herewith granting Petitioner's Motion to Amend (Document # 25).

no time did the court warn me of the dangers of self representation. I was tried and convicted without counsel.

## IV.   SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by <u>pro se</u> litigants, to allow them to fully develop potentially meritorious cases. <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, <u>Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. <u>Celotex</u>, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); <u>Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving

party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may

not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary

judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on

must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."

Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of the

adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in

this rule, must set forth specific facts showing that there is a genuine issue for trial."  See also

Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by

any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).

To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials

of his pleadings.  Rather, the party must present evidence supporting his or her position through

"depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."

Id. at 322.  See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th

Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## V.      STANDARD OF REVIEW

Petitioner brings his claims pursuant to 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy,

117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d

865 (4th Cir. 1998).  That statute reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.  As "a determination of a factual issue made by a State court shall be presumed to be correct," a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' " Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir.2005) ( quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Further, "an 'unreasonable

application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir.2004).

## VI.    ANALYSIS

### A.    Ground One–Trial in Absentia

Petitioner argues that he was deprived of his right to be present at trial by holding the trial on his charge of obtaining goods and monies under false pretenses in his absence.  He asserts that he was not given notice of the trial and he was not warned that the trial could proceed in his absence. Based on the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment, a defendant has a constitutional "right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." United States v. Rolle, 204 F.3d 133, 136 (4th Cir.2000) (quoting Faretta v. California, 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). However, the right to be present at one's own trial is waivable under both the Federal and State Constitutions. See Taylor v. United States, 414 U.S. 17, 19-20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Illinois v. Allen, 397 U.S. 337, 342-43, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Snyder v. Massachusetts, 291 U.S. 97, 106, 54 S.Ct. 330, 78 L.Ed. 674 (1934) (Cardozo, J.), overruled on other grounds by Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).; Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500 (1912); State v. Bell, 293 S.C.  391, 360 S.E.2d 706, 711 (1987); Ellis v. State, 267 S.C. 257, 227 S.E.2d 304, 305 (1976).  A knowing and voluntary waiver of the right to be present at trial is sufficient for a constitutionally valid trial in

absentia.  <u>Taylor</u>, 414 U.S. at 19-20.  Rule 16 of the South Carolina Rules of Criminal Procedure provides:

> Except in cases wherein capital punishment is a permissible sentence, a person indicted for misdemeanors and/or felonies may voluntarily waive his right to be present and may be tried in his absence upon a finding by the court that such person has received notice of his right to be present and that a warning was given that the trial would proceed in his absence upon failure to attend the court.

Rule 16, SCRCrimP; <u>see</u> <u>State v. Jackson</u>, 288 S.C. 94, 341 S.E.2d 375, 375 (1986) (holding before an accused can be tried in absentia the court must "make findings of fact regarding (1) whether the appellant had received notice of her right to be present, and (2) whether the appellant had been warned that the trial would proceed in her absence upon a failure to attend court").

 The record reveals that Petitioner was served with an arrest warrant for obtaining goods by false pretenses, on January 16, 1998. R. 149.  Petitioner then signed a bond sheet, wherein under the heading "ACKNOWLEDGMENT BY DEFENDANT," the bond sheet indicates that he understood the trial would proceed in his absence if he failed to appear. It states: "I understand and have been informed that I have a right and obligation to be present at trial and should I fail to attend the court, the trial will proceed in my absence." R. 150-51. Petitioner was represented by counsel. The State subsequently dismissed the warrant on July 23, 1998. R. 155.  Petitioner was later directly indicted for the same crime, on June 26, 2001. R. 191-92.

On July 23, 2002, the Court granted defense counsel's motion to withdraw, and ordered that "Fairey has the burden of keeping the court informed as to where notices, pleadings, and other papers may be served." The Court noted that service of notice would be sent to Petitioner at his address in Sarasota, Florida. The Court further ordered that it was Petitioner's obligation to retain counsel, and to prepare for hearings and trial. R. 165.

On September 8, 2002, Petitioner informed the Court that all future correspondence should be sent to him at his address at "31545 Vaca Drive," in "Castaic, California." R. 152-53. Petitioner also informed the Solicitor of the change of address in a letter dated August 22, 2002. R. 154.  In early March, 2003, Petitioner filed a Motion to Quash Indictment and listed both the California address and a Sarasota, Florida address, which he designated as his "temporary address." R. 156-57. In an Affidavit accompanying the Motion to Quash Indictment, Petitioner averred, "[b]eginning February 23, I have been living temporarily in Sarasota Florida, awaiting my next assignment."  R. 159.

Petitioner's previous bond was reinstated in the March 31, 2003, written Order, which also denied his motion to quash the indictment. R. 161. The Order notified Petitioner: "[t]he defendant is required to appear at the call of his case by the State and shall keep the Court and the State advised of any changes in his address."

The State subsequently subpoenaed Petitioner to appear in court on July 9 through July 23, 2004. R. 188-89. Notice was sent to Petitioner at both the California address he forwarded to the solicitor's office in the August 22 and September 8, 2002, letters, and the North Myrtle Beach address provided in the reinstated bond. R. 26-28.  Petitioner failed to appear in court when his name was called. R. 29-30. The trial judge made the determination on the record that: (1) the State made an adequate showing that Petitioner was placed on notice of the date and time of his trial; (2) failure of Petitioner to appear was willful; and (3) Petitioner had "notice that he had a right to be present and that if he wasn't present he would be tried in his absence."

The Court of Appeals affirmed Petitioner's conviction and sentence.  The court first found that Petitioner was properly noticed of the trial:

"Notice of the term of court for which the trial is set constitutes sufficient notice to enable a criminal defendant to make an effective waiver of his right to be present." City of Aiken v. Koontz, 368 S.C. 542, 547, 629 S.E.2d 686, 689 (Ct.App.2006). However, if the record does not reveal that the defendant was afforded notice of his trial, the resulting conviction in absentia cannot stand. State v. Jackson, 290 S.C. 435, 436, 351 S.E.2d 167, 167 (1986).

In the present case, the solicitor subpoenaed Fairey to appear in court from July 9 through July 23, 2004. Notice was sent to Fairey at both the California address he forwarded to the solicitor's office in the August 22 and September 8 letters and the North Myrtle Beach address provided in the reinstated bond. Fairey failed to appear in court when his name was called. The judge heard the solicitor on notice to Fairey and made a determination on the record that: (1) the State made an adequate showing that the defendant was placed on notice of the date and time of his trial; (2) failure of the defendant to appear was willful; and (3) the defendant had "notice that he had a right to be present and that if he wasn't present he would be tried in his absence."

Fairey argues that since the solicitor "inexplicably" did not send notice of his trial to Florida, but rather to California, Fairey did not receive notice of his right to be present. Fairey further bolsters his argument claiming that because the solicitor "had been sending legal mail to [Fairey] in Florida since the March 2003 hearing," the solicitor should have sent notice of his trial to his Florida address. However, the record indicates that Fairey's permanent address for service of notice was his California address, whereas the Florida address was only a "temporary address" used by Fairey during a period in 2003.

On July 23, 2002, when the court granted Fairey's counsel's motion to withdraw, the court warned Fairey that he had "the burden of keeping the court informed as to where notices, pleadings and other papers may be served." At that time it was noted that service of notice would be sent to Fairey at his home address in Sarasota, Florida. However, in the August 22 letter Fairey informed the solicitor of a change of address, listing his California address. And again, in the September 8 letter Fairey informed the court and solicitor that the California address was the correct address to send all correspondence.

Fairey never sent a letter to the court or solicitor to inform them of a change of address from the California address to the Florida address as he did in his August 22 and September 8 letters. Thus, the last official, permanent address provided to the court and solicitor by Fairey was his California address. Merely because Fairey listed a "temporary address" on his motion to quash and motion to dismiss over a year prior to his trial does not notify the court and solicitor of a change of address so as to direct where all notices, pleadings and other papers may be served. Therefore, notice of Fairey's trial was properly sent to California, and as such, Fairey was placed on notice of his right to be present at his July 2004 trial.

State v. Fairey, 374 S.C. 92, 100-01, 646 S.E.2d 445, 448-49.

The court also found that Petitioner was on notice that he would be tried in his absence if he did not appear when called for trial:

Further, Fairey contends he was not warned his trial would proceed in his absence. A bond form that provides notice that a defendant can be tried in absentia may serve as the requisite notice. City of Aiken v. Koontz, 368 S.C. 542, 548, 629 S.E.2d 686, 689-90 (2006); State v. Goode, 299 S.C. 479, 385 S.E.2d 844 (1989).

In Aiken v. Koontz the defendant was arrested for driving with a suspended license, and when he posted bond the day after his arrest, he was provided an order specifying methods and conditions of release. 368 S.C. at 547-48, 629 S.E.2d at 689. The defendant also signed a form entitled, " Acknowledgement by Defendant," which read "I understand and have been informed that I have a right and obligation to be present at trial and should I fail to attend the court, the trial will proceed in my absence." Id. at 548, 629 S.E.2d at 689. Thus, this court held that Koontz was warned a failure to appear would result in a trial in his absence and that he understood the warning and obligation by signing the "Acknowledgement." Id.

In January 1998, Fairey signed a bond sheet wherein under the heading, "ACKNOWLEDGEMENT BY DEFENDANT," it reads: "I understand and have been informed that I have a right and obligation to be present at trial and should I fail to attend the court, the trial will proceed in my absence." As in Koontz, Fairey's signature on the "Acknowledgement" served as a warning that he would be tried in his absence, and therefore, Fairey understood such warning.

Relying on State v. Goode, Fairey contends because the indictment[3], for which the bond was signed, was dismissed, it was thereby extinguished and could not serve as notice to appear. In State v. Goode the defendant was arrested for breaking into a motor vehicle and released on bond. 299 S.C. at 480, 385 S.E.2d at 845. He signed a bond form that provided him notice that his trial would proceed in his absence if he failed to appear. Id. He failed to appear and a bench warrant was issued. He was subsequently indicted for both breaking into a motor vehicle and grand larceny and was tried in his absence for both charges. Id. at 481, 385 S.E.2d at 845. The supreme court held that Goode did not have adequate notice that he would be tried for the newly indicted crime, grand larceny, in his absence since the crime was not listed on the bond signed by Goode. Id. at 842-43, 385 S.E.2d at 846. However, because Goode signed the bond form related to the charge of breaking into a vehicle the court held that he had notice he would be tried for that crime in his absence. Id. at 842, 385 S.E.2d at 846.

---

[3]This court notes that the original charging document was not an indictment but a warrant.

> While Fairey's original indictment[4] was dismissed, he was directly indicted for the same crime on June 26, 2001, and the 1998 bond was reinstated on July 23, 2002 by court order. Therefore, the 1998 bond was in effect and thereby served as notice to Fairey that he would be tried in his absence.

Id. at 101-03, 646 S.E.2d at 449-50.

In his Response to the Motion for Summary Judgment, Petitioner argues that he received court notices and orders at the Florida address during 2003. The court of appeals addresses this argument and states that Petitioner never sent a letter to the court or the solicitor to inform them of a change of address from the California address to the Florida address as his did in his August 22, 2002, and September 8, 2002, letters to the court and the solicitor. The court of appeals found that "merely because Fairey listed a 'temporary' address on his motion to quash and motion to dismiss over a year prior to his trial does not notify the court and solicitor of a change of address so as to direct where all notices, pleadings, and other papers may be served." Id. at 101, 646 S.E.2d at 449.

Petitioner argues that the state court's findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. He points to Maryland v. Craig, 497 U.S. 836 (1990), in which the Supreme Court addresses a Maryland statute that, when invoked, prevents a child witness from seeing the defendant as he or she testifies against the defendant at trial. Although Craig addresses the Confrontation Clause of the Sixth Amendment, it does not specifically address the right to be present at trial. The Court's holding, "that where necessary to protect a child witness from trauma that would be caused by testifying in the physical presence  protect a child witness from trauma that would be caused by testifying in the physical presence of the defendant, at least where such trauma

---

[4]Again, the original charging document was a warrant, not an indictment.

-13-

would impair the child's ability to communicate, the Confrontation Clause does not prohibit use of a procedure that, despite the absence of face-to-face confrontation, ensures the reliability of the evidence by subjecting it to rigorous adversarial testing and thereby preserves the essence of effective confrontation," Craig, 497 U.S. at 857, is not relevant to the issues present in this case. Thus, the state court's findings in the present case are not contrary to, nor are they an unreasonable application of, the ruling in Craig. The factual determinations made by the state court, that Petitioner received notice of the trial and was warned that the trial would go forward in his absence if he failed to appear, are presumed to be correct. Petitioner has failed to show by clear and convincing evidence that the court's determination of facts was unreasonable in light of the evidence presented. Petitioner also fails to show that the state court findings were contrary to or resulted in an unreasonable application of the clearly established federal law that a defendant can be tried in his absence if he knowingly and intelligently waives his right to be present at trial. Thus, this court cannot not find in favor of Petitioner on Ground One and it is recommended that summary judgment be granted on this issue.

> **B.    Ground Two–Right to Counsel**

Petitioner next argues that he was denied his right to counsel when his retained counsel was relieved and Petitioner was never warned, by either counsel or the trial court, of the dangers of self-representation. The Sixth Amendment guarantees a right to counsel and to competent representation by counsel. E.g., McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Concurrent with the right to the assistance of counsel is the right to self-representation after a knowing and intelligent waiver

of the right to counsel. E.g., Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In Faretta, the Court explained, "in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits [obtained from the right to counsel]." Faretta, 422 U.S. at 835 (internal quotation marks omitted). In addition, "[the defendant] should be made aware of the dangers and disadvantages of self-representation, so the record will establish that he knows what he is doing and his choice is made with eyes open." Id. (citing Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942)). These warnings "of the pitfalls of proceeding to trial without counsel ... must be rigorously conveyed." Iowa v. Tovar, 541 U.S. 77, 88-89, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004).

The record reveals that Petitioner retained Richard Weldon as private counsel in January of 1998 to represent him in the criminal charges at issue here. R. 163. It appears that, at some point in his representation, Petitioner had a disagreement with Weldon as to fundamental representation and trial strategies, and he failed to pay Weldon for his services even after a "reasonable warning" that Weldon would withdraw as counsel. R. 163. On June 17, 2002, Weldon filed a Motion to be Relieved as Counsel. R. 162. Weldon also filed an affidavit along with the Motion to be Relieved, in which he averred, among other things, that Petitioner wished to proceed pro se. R. 163. Petitioner signed the affidavit, indicating his consent to Weldon being relieved as counsel. R. 164. The trial court entered an Order on July 23, 2002, relieving Weldon as counsel and notifying Petitioner that he has (1) the duty to keep the court informed of the proper address for service of notices, pleadings and other papers (2) the obligation to hire other counsel if he elects to do so, and (3) the obligation to prepare for hearings and trial. R. 165. Petitioner maintained contact with the court and the

solicitor by notifying them of his change of address information, making discovery requests and filing a Motion to Quash Indictment and Motion to Dismiss.

Subsequent to his conviction, Petitioner retained new counsel and filed a motion to vacate sentence and for a new trial. In denying the motion for a new trial, the trial judge affirmatively found:

> [Fairey] had been acting as his attorney for some time, making erudite motions and other things. It's not like we had some ignorant person here that didn't know anything, we had a very intelligent person here acting as his own attorney. And asking that notices be sent to him and not his attorney. To be sent to him. He knew he was acting as his attorney. And I find that he adequately and legally waived his right to counsel and waived his right to be present at trial. And I deny your motion.

R. 133.

The court of appeals affirmed the trial court's finding that Petitioner waived his right to counsel:

> Fairey also argues the trial judge erred in denying his motion for a new trial because he was denied the right to counsel. We disagree.
>
> "The Sixth Amendment guarantees criminal defendants a right to counsel." State v. Gill, 355 S.C. 234, 243, 584 S.E.2d 432, 437 (Ct.App.2003) (citations omitted). "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have." United States v. Cronic, 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). However, this right may be waived. State v. Gill, 355 S.C. at 243, 584 S.E.2d at 437. This court has explained that "a defendant may surrender his right to counsel through (1) waiver by affirmative, verbal request; (2) waiver by conduct; and (3) forfeiture." State v. Thompson, 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct.App.2003).
>
> In this case we confine our analysis to the question of whether Fairey waived this right by his conduct. A defendant may waive his right to counsel through his conduct. Id. at 263, 584 S.E.2d at 135 (citations omitted). Deliberate and dilatory conduct on behalf of a defendant can suffice to waive the right to counsel. State v. Pride, 372 S.C. 443, 641 S.E.2d 921 (2007) (Shearouse Adv. Sh. No. 7 at 69); see also State v. Jacobs, 271 S.C. 126, 128, 245 S.E.2d 606, 608 (1978) (holding a waiver of the right to counsel can be inferred from a defendant's actions).

-16-

In support of his argument, Fairey relies on our decision in Thompson. However, neither Thompson nor our more recent case of State v. Roberson, 371 S.C. 334, 638 S.E.2d 93 (Ct.App.2006) requires reversal of Fairey's conviction and sentence. Rather, we are guided by this court's recent decision in State v. Pride. As discussed in Pride, there is a crucial difference between the facts in Pride's and Fairey's cases and those of Thompson and Roberson.

In Pride, the defendant was indicted for possession of crack cocaine with intent to distribute (PWID) and PWID within proximity of a school. On the first day of the term of court for which Pride was originally scheduled to go to trial, a public defender, William All, was appointed to represent Pride. On that same day Pride was also represented by a private attorney, Fletcher Smith. Smith subsequently withdrew as counsel and All was appointed. Pride failed to appear for two scheduled appointments with All. All sent letters to Pride indicating the date of trial and that he could not adequately represent Pride without speaking to him. Pride scheduled another appointment, which he again failed to appear for and offered no explanation. Eventually when Pride and All met, Pride indicated Smith was again representing him. However, when All contacted Smith's office, the administrative assistant indicated that Smith did not represent Pride. On the morning of the trial Pride did not appear, and Smith's office informed the solicitor that Smith did not represent Pride. The solicitor moved to have Pride tried in absentia, and All was relieved as counsel. The judge specifically found Pride waived his right to counsel by conduct and Pride was then tried and convicted for the drug offenses. When Pride eventually appeared before the judge for sentencing, All appeared at the hearing and indicated he could "perfect an appeal for [Pride] if he wants to raise the issue of whether or not he shouldn't have been tried in his absence." The judge imposed his sentencing.

On appeal, Pride argued the circuit court erred in relieving All as his counsel and proceeding with the trial in his absence, contending that his conduct was insufficient to establish that he waived his right to counsel. This court acknowledged the significance of Thompson and Roberson as it applied to Pride's case but found a "crucial difference" between the facts in his case and those of Thompson and Roberson. The defendants in both Thompson and Roberson were not represented by counsel until the sentencing hearing. This court concluded if it were to find the defendants in Thompson and Roberson waived their right to counsel it would be based solely on their failure to appear for trial. On the other hand, Pride not only failed to appear for trial, but he was afforded a public defender whom he failed to cooperate with prior to his trial. He was also given additional time to prepare for the trial, failed to appear for his scheduled appointments with the public defender and failed to offer any assistance in preparation for his defense. Further, he gave assurances to the public defender, up to the day before his trial, that a private attorney would represent him, yet was aware that this private attorney was relieved as counsel. Based on Pride's actions, this court found that it was not only Pride's failure to appear for trial but also "Pride's deliberate and dilatory conduct [which were] sufficient to

waive his right to counsel." <u>State v. Pride</u>, 372 S.C. 443, 641 S.E.2d 921 (2007) (Shearouse Adv. Sh. No. 7 at 69).

In this case, just as in <u>Pride</u>, Fairey was originally represented by counsel, and it was because of his own conduct and failure to cooperate with his counsel that he failed to be represented at the time of his trial. Fairey hired private counsel, Weldon, and had ample opportunities to meet with him and discuss the case. At some point in his representation, Fairey had a disagreement with Weldon as to the fundamental representation and trial strategies and failed to pay Weldon for his services even after a "reasonable warning" that Weldon would withdraw. Finally, Fairey desired to represent himself pro se and signed a consent form agreeing to relieve Weldon.

From the date the court granted Weldon's motion to be relieved, Fairey was aware of his duties and obligation as a <u>pro se</u> litigant and was alternatively instructed to hire counsel. Fairey failed to hire another attorney and proceeded to represent himself. Fairey was aware of his obligations and seemed knowledgeable about the legal system, as he maintained contact with the court and solicitor, made two requests to produce to the solicitor and filed various <u>pro se</u> motions. Further, his statements and conduct during proceedings reflected a familiarity with the workings of the legal system and the options legally available to him. The circuit court found:

> [Fairey] had been acting as his attorney for some time, making erudite motions and other things. It's not like we had some ignorant person here that didn't know anything, we had a very intelligent person here acting as his own attorney. And asking that notices be sent to him and not his attorney. To be sent to him. He knew he was acting as his attorney.

Yet, during that period, Fairey also engaged in delay tactics. He moved throughout the country, making service and notice difficult for the solicitor. In the instances the solicitor was able to track Fairey's whereabouts and serve notice, Fairey made motions to continue, based on the inconvenience of appearing in South Carolina on the noticed dates. The solicitor agreed to Fairey's motions and continuances were granted. When the solicitor sent Fairey a certified copy of his indictment, a consent order for a personal recognizance bond and an acknowledgement for the receipt of the indictment, Fairey failed to sign and return any of the items. Fairey's tactics further delayed the case and required the aforementioned items be addressed at a later hearing in March 2003. Based on Fairey's actions, we find Fairey engaged in deliberate and dilatory conduct sufficient to waive his right to counsel.

State v. Fairey, 374 S.C. at 103-06, 646 S.E.2d at 450-52.[5]

Petitioner appears to argue that the court's finding that he waived his right to counsel through deliberate and dilatory conduct is contrary to, or involves an unreasonable application of Faretta, in which the Supreme Court of the United States found that defendants proceeding pro se must be made aware of the dangers and disadvantages of self-representation. The undersigned disagrees. The Fourth Circuit has declined to define a precise procedure or litany a trial court must undertake in determining whether waiver of counsel is appropriate. See U.S. v. Singleton, 107 F.3d 1091, 1097 -98 (4th Cir. 1997). Rather, it agrees with the majority of circuits that "the trial judge is merely required to determine the sufficiency of the waiver from the record as a whole rather than from a formalistic, deliberate, and searching inquiry." United States v. Gallop, 838 F.2d 105, 110 (4th Cir.1988). The importance of informing the defendant of the dangers and disadvantages of self-representation is to insure that the defendant "knows what he is doing and his choice is made with eyes wide open." Faretta, 422 U.S. at 835 (citing Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)). The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

The facts as determined by the trial court (and which Petitioner has failed to show by clear and convincing evidence to be unreasonable) reveal that Petitioner wished to proceed pro se and was aware of his obligations as a pro se litigant. In the order relieving Weldon as counsel, the court

---

[5]After it's reliance on Pride in Fairey, the court of appeals subsequently withdrew its opinion in Pride.

specifically informed Petitioner that he was responsible for notifying the court of his proper address for service of notices, pleadings, etc. and for preparing for hearings and trials. The trial court also found that Petitioner was familiar with the legal system and evidenced an understanding of the process by filing motions, arguing those motions in open court, and asking that notices be sent to him. The state court found that Petitioner's conduct evidenced a knowing and intelligent decision to proceed without counsel.

Although the trial court did not specifically warn Petitioner of the dangers of self-representation in a formalistic manner, its finding that the his waiver of counsel was appropriate did not result in an unreasonable determination of facts in light of the evidence presented and is not contrary to, nor does it involve an objectively unreasonable application of, clearly established federal law. An unreasonable application of federal law is different from an incorrect application of federal law. Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. Schriro v. Landigran, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Based upon this court's limited scope of review under § 2254, Petitioner's second ground for habeas relief is without merit. Thus, it is recommended that summary judgment be granted on this issue.

## VIII. CONCLUSION

For the reasons set forth above, it is recommended that Respondents' Motion for Summary Judgment (Document # 21) be granted. It is further recommended that all other pending motions are moot.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 2, 2010
Florence, South Carolina

**The parties are directed to the important information on the following page.**