IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM SMOAK FAIREY, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 4:09-cv-1610-RMG |
| v. ) | |
| ) | **ORDER** |
| SECRETARY, FLORIDA DEP'T OF ) | |
| CORRECTIONS, and ATTORNEY ) | |
| GENERAL OF SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court upon the Magistrate Judge's recommendation that the Respondent Attorney General of South Carolina's ("Respondent") Motion for Summary Judgment be granted. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R&R within fourteen days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Petitioner William Smoak Fairey, Jr. ("Petitioner" or "Fairey") filed timely objections to the R&R.

## BACKGROUND

Although the Magistrate Judge's R&R contained a thorough recitation of the facts, the court will include them herein. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about March 10, 2009. Respondent filed a Motion for Summary Judgment on September 30, 2009, and Fairey filed a Response in Opposition on November 4, 2009. Magistrate Judge Thomas E. Rogers, III entered a Report and Recommendation on August 2, 2010, in which

he recommended that Respondent's Motion for Summary Judgment be granted.[1]

As the Magistrate Judge noted, Petitioner currently resides in Florida and is serving a four-year term of probation as a result of a criminal conviction in the Court of General Sessions, Horry County, South Carolina. On January 26, 1998, Petitioner was served with an arrest warrant for obtaining goods and monies under false pretenses. (R. at 149.) This warrant was dismissed on July 23, 1998, see Record at 155, but Petitioner was later indicted by a grand jury for the same charge of obtaining goods and monies under false pretenses in June of 2001. (R. at 191.) Attorney Richard Weldon, who had begun representing Petitioner in January of 1998, filed a Motion to Be Relieved as Counsel on June 17, 2002. (See Docket Entry [19-13].) In his Affidavit in Support of Motion by Attorney for Permission to Withdraw, Mr. Weldon stated, *inter alia*,

> 3. The Defendant [Fairey] and the attorney substantially disagree on the fundamental representation and trial strategies of the case.
>
> 4. The client has failed substantially to fulfill an obligation to the lawyer regarding the lawyer's services and costs or payment thereof, and has been given reasonable warning that the lawyer will withdraw unless that obligation is fulfilled;
>
> 5. The Defendant [Fairey] desires to represent themselves [sic] *pro se*.

(See Docket Entry [19-13].) Petitioner signed this affidavit, indicating his consent to Attorney Weldon's withdrawal as counsel. (See Docket Entry [19-13].) The court entered a Consent Order Allowing for Withdrawal as Counsel on July 23, 2002; that Consent Order stated, in part,

> It is further ordered: (1) Doak Fairey has the burden of keeping the court informed

---

[1] Petitioner filed a Motion to Stay on or about May 5, 2010, and a Motion to Expedite on or about June 11, 2010. The R&R recommends that these motions be deemed moot. (R&R at 20.)

as to where notices, pleadings, and other papers may be served. . . .; (2) Doak Fairey has the obligation to hire other counsel if he elects to do so; (3) Doak Fairey has the obligation to prepare for hearings and trial. . . .

(Docket Entry [19-13].)

Petitioner was tried in his absence and without counsel on July 21, 2004, before the Honorable John. L. Breeden, Jr. (R. at 21-103.) The jury found Petitioner guilty of obtaining goods or monies under false pretenses. (R. at 95.)

Petitioner then obtained new counsel, Attorney Gregory McCollum, and moved to vacate his sentence and for a new trial. (R. at 106.) The Petitioner appeared before Judge Breeden on October 21, 2004. (R. at 104.) Although Judge Breeden denied Petitioner's motion for a new trial, Judge Breeden reconsidered his original sentence (8 years, suspended to 5 years service and 4 years probation and restitution), and sentenced Petitioner to 8 years, suspended to 4 years and 4 years probation and restitution of $25,000 to the victim. (R. at 6, 147.)

Petitioner appealed his conviction and sentence, and on appeal, he was represented by Attorney Eleanor Duffy Cleary of the South Carolina Commission on Indigent Defense and Attorney C. Bradley Hutto of Orangeburg. (Docket Entry [19-1].) Petitioner's Final Brief was filed with the South Carolina Court of Appeals on October 18, 2006, in which Petitioner raised the following issues:

> I. The trial court erred in holding appellant's trial in his absence and the absence of an attorney to represent him where the state failed to show that he (1) received notice of the right to be present and (2) was warned the trial would proceed in his absence.
> II. The trial court erred in finding that appellant knowingly and intelligently waived his right to counsel where the record showed that he was never warned of the dangers of self-representation.
> III. The trial court erred in refusing to grant appellant's request for documents relating to the grand jury to prepare for his defense.

(Final Brief of Appellant; see Docket Entry [19-1].) The South Carolina Court of Appeals entered its opinion affirming Fairey's conviction on April 16, 2007. See State v. Fairey, 374 S.C. 92, 646 S.E.2d 445 (Ct. App. 2007). (See also Docket Entry [19-3].) Fairey filed a Petition for Rehearing on May 3, 2007, but the South Carolina Court of Appeals issued an Order denying rehearing on June 28, 2007. (See Docket Entries [19-4] and [19-5].)

Fairey filed a Petition for Writ of Certiorari to the South Carolina Supreme Court on August 28, 2007. (See Docket Entry [19-6].) In this petition, Fairey raised two issues:

> 1. Did the Court of Appeals err in holding that petitioner received notice of his right to be present and that his trial would proceed in his absence where the state failed to send notice to the last address provided by petitioner and he was not provided notice the trial would proceed in his absence?
>
> 2. Did the Court of Appeals err in holding that petitioner knowingly and intelligently waived his right to counsel where the record showed that he was never warned of the dangers of self-representation and where petitioner did not engage in dilatory conduct warranting a finding of waiver of counsel by conduct?

(See Docket Entry [19-6].) The South Carolina Supreme Court entered its Order indicating that the petition for writ of certiorari was denied on June 26, 2008. (See Docket Entry [19-8].)

## PETITIONER'S GROUNDS FOR RELIEF

Fairey lists two grounds for relief in his *pro se* Petition for Writ of Habeas Corpus:

**GROUND ONE:** Right to Be Present at Trial, Amendment VI, Constitution of the United States.

> Supporting facts: I was never given notice of trial. The Court and the State sent numerous documents and orders to me at my home in Florida, but, for reasons unknown, failed to send the most important document, the notice of trial, to me.
> The Court had issued an order in April 2003 stating that I "was to keep the Court and the State informed of any changes in his address." The order was mailed to me at 5629 Boulder Blvd, Sarasota, FL. I was arrested, for failure to appear, on October 4, 2004 at the same address, having never moved since the date of the Order.
> The State claimed that they could not find me for trial even though

numerous documents and orders had been sent and returned from my home in Florida.

I was not allowed to confront witnesses against me, I was not present for voir dire, opening statements, examination, cross-examination, closing arguments, jury instructions; none of the proceedings.

The State also admitted at trial that they did not send a Notice of Trial to my home in Florida.

**GROUND TWO:** Right to Counsel. Amendment VI & XIV, Constitution of the United States.

Supporting facts: My original attorney requested to be relieved as counsel in June 2002. In his Motion, he stated that we "disagreed on trial strategy" and that he "had not been paid for his services." I had never received a bill for service from him and have not received one as of the date of this petition. He did not warn me of the dangers of self-representation.

I proceeded pro se. Motions were made and hearings were held from 2002 through 2003. At no time did the court warn me of the dangers of self-representation.

I was tried and convicted without counsel.

(Pet. at 6-8.)[2]

## STANDARD OF REVIEW

### A. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters*

---

[2] Fairey asserted three grounds for relief in his Petition, but in an Order dated August 2, 2010, Magistrate Judge Rogers granted Petitioner's request that the Court only consider the first two grounds, given that the third ground has not been exhausted. (See Docket Entry [35].)

*Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

### B. Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

### ANALYSIS

### A. Section 2254 Petitions

With respect to those claims that were adjudicated by the state court on their merits, habeas relief is warranted only if adjudication of the petitioner's claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal habeas court may not issue the writ under the "unreasonable application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

## B. Magistrate Judge's R&R

In his R&R, Magistrate Judge Rogers recommended granting Respondent's Motion for Summary Judgment. With respect to Ground One, trial in absentia, Magistrate Judge Rogers noted that the South Carolina Court of Appeals found that Fairey was properly noticed of the trial and that he would be tried in his absence if he did not appear when called for trial. (See R&R at -10-12.) The R&R further states,

> [T]he state court's findings in the present case are not contrary to, nor are they an unreasonable application of, the ruling in [Maryland v.] Craig[, 497 U.S. 836 (1990)]. The factual determinations made by the state court, that Petitioner received notice of the trial and was warned that the trial would go forward in his absence if he failed to appear, are presumed to be correct. Petitioner has failed to show by clear and convincing evidence that the court's determination of facts was unreasonable in light of the evidence presented. Petitioner also fails to show that the state court findings were contrary to or resulted in an unreasonable application of the clearly established federal law that a defendant can be tried in his absence if he knowingly and intelligently waives his right to be present at trial.

(R&R at 14.) With respect to Ground Two, right to counsel, Magistrate Judge Rogers noted that the South Carolina Court of Appeals found Fairey waived his right to counsel. (See R&R at 16.) The R&R continues,

> The facts as determined by the trial court (and which Petitioner has failed to show by clear and convincing evidence to be unreasonable) reveal that Petitioner wished to proceed pro se and was aware of his obligations as a pro se litigant. In the order relieving Weldon as counsel, the court specifically informed Petitioner that he was responsible for notifying the court of his proper address for service of notices, pleadings, etc. and for preparing for hearings and trials. The trial court also found that Petitioner was familiar with the legal system and evidenced an understanding of the process by filing motions, arguing those motions in open court, and asking that notices be sent to him. The state court found that Petitioner's conduct evidenced a knowing and intelligent decision to proceed without counsel.
> Although the trial court did not specifically warn Petitioner of the dangers of self-representation in a formalistic manner, its finding that the his waiver of counsel was appropriate did not result in an unreasonable determination of facts in light of the evidence presented and is not contrary to, nor does it involve an objectively

unreasonable application of, clearly established federal law.

(R&R at 19-20.)

## C. Objections

Petitioner states that, "[i]n an attempt to give some structure to his objections," he has divided his objections into sections:

> **Section One**–An overview of constitutional errors raised. This overview tries to capture the central facts that the Magistrate Judge omitted from the Report. These omitted facts are critical to this Court's determination of the legal issues in this case that they relate to directly. The omitted facts are also crucial because of the Petitioner's central claims is that his constitutionally guaranteed right to due process was violated.
> **Section Two**–Objections to the Magistrate Judge's analysis of Ground One–Trial In Absentia.
> **Section Three**–Objections to the Magistrate Judge's analysis of Ground Two–Right to Counsel.
> **Section Four**–Objections to the recommendation of the Magistrate Judge that Summary Judgment be granted and the petition be dismissed.

(Objections at 2-3.)[3]

In Sections One through Three, Petitioner objects to the Magistrate Judge's determination that habeas relief is not warranted with respect to Petitioner's argument that he was deprived of his right to be present at trial. Petitioner appears to complain about the state court's determination that

---

[3]In Section One, Petitioner makes no clear objections but instead discusses fundamental rights, the rational basis test, and the strict scrutiny test. (*See* Objections at 3-5.) He does complain, however, about the fact that he was tried in absentia. (Objections at 5.) In Section Two, Petitioner continues to complain that he was tried in absentia. (Objections at 8.) Section Three appears to be a blend of objections to the analysis of Ground One and Ground Two–he asserts he had no notice he would be tried in absentia if he failed to appear and was not warned of the dangers of self-representation. (Objections at 9-11.) Finally, Section Four does not appear to contain a specific objection but instead asserts the *Williams v. Taylor* standard is met because "[t]he Confrontation Clause and the Due Process clause, both of which represent clearly established federal law, were simply ignored or, more importantly, purposefully violated in order to serve an unknown interest." (Objections at 11-12.) Accordingly, the Court will analyze Petitioner's objections together.

he was properly notified of the trial given that notice was not sent to him in Florida. (Objections at 6.) Petitioner states,

> There is no form or document or instrument that the petitioner was required to submit regarding his address, nor has the State defined a procedure for doing so. After notifying the court in a properly filed and executed Affidavit . . . and a properly filed and executed Motion . . . , the petitioner has shown, by clear and convincing evidence[,] that the information regarding his address was not only received by the court and the state, but that the information was processed by representatives of those entities and subsequently acted upon in a correct manner.

(Objections at 6.)

Petitioner seems to be arguing that the state court adjudication of his notice claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (See Objections at 6-7.) However, the Court disagrees with Petitioner. The South Carolina Court of Appeals thoroughly analyzed this argument, noting that on August 22, 2002, Fairey informed the solicitor of a change of address wherein Fairey stated,

> Pursuant to the Consent Order regarding "keeping the court informed as to where notices, pleadings, and other papers may be served," I am informing the court of my new address. All notices, pleadings and other papers should be delivered to:
> Doak Fairey
> 31545 Vaca Drive
> Castaic, California 91384
> This address change is valid immediately
> So that I might adequately prepare for trial, please assure that any and all future correspondence is sent to this address.

State v. Fairey, 374 S.C. at 96-97, 646 S.E.2d at 447. The Court of Appeals continued, stating,

> On September 8, 2002, after being sent a subpoena to his former Florida address, Fairey informed the court and solicitor, once again, that the California address was the correct address to send all correspondence. This letter stated:
>
> Today, I received VIA FAX a copy of a subpoena relating to my case. This document was sent to my old address in Sarasota, Florida.

> In my previous correspondence (copy attached), I informed you and the court of my address change. I followed the procedure as spelled out in your correspondence of 7/30/02. You have chosen to ignore the Rule, and your own written procedure, and failed to properly send documents to me at my address.... Please assure that all correspondence and information for trial is sent to my new address:
> Doak Fairey
> 31545 Vaca Drive
> Castaic, CA 91384

Id. at 97, 646 S.E.2d at 447.

Even though Petitioner twice informed the state court that his proper address was in California, he argued he had no notice of the trial because such notice was not sent to his address in Florida. The Court of Appeals of South Carolina noted that on March 10, 2003, Fairey moved to quash the indictment, and in that Motion to Quash, he listed two addresses: the same California address, as well as a Florida address, which was denoted as a "temporary address." Id. at 97, 646 S.E.2d at 447. During the March 24, 2003 hearing on this motion, Fairey made a Motion to Dismiss and afterwards filed the motion to dismiss with the court; this Motion to Dismiss listed a Florida address. Id. at 97-98, 646 S.E.2d at 447.

In addressing his argument that the trial court erred in having the trial in his absence, the Court of Appeals stated, "Although the Sixth Amendment of the Constitution guarantees the right of an accused to be present at every stage of his trial, this right may be waived." Id. at 99, 646 S.E.2d at 448. The Court of Appeals noted that the subpoena for trial was sent to Fairey at both the California address as well as the North Myrtle Beach address listed in the reinstated bond. Id. at 100, 646 S.E.2d at 449. Addressing Fairey's argument that the subpoena should have been sent to Florida, the Court of Appeals stated,

> [T]he record indicates that Fairey's permanent address for service of notice was his California address, whereas the Florida address was only a "temporary

> address" used by Fairey during a period in 2003.
>
> On July 23, 2002, when the court granted Fairey's counsel's motion to withdraw, the court warned Fairey that he had "the burden of keeping the court informed as to where notices, pleadings and other papers may be served." At that time it was noted that service of notice would be sent to Fairey at his home address in Sarasota, Florida. However, in the August 22 letter Fairey informed the solicitor of a change of address, listing his California address. And again, in the September 8 letter Fairey informed the court and solicitor that the California address was the correct address to send all correspondence.
>
> Fairey never sent a letter to the court or solicitor to inform them of a change of address from the California address to the Florida address as he did in his August 22 and September 8 letters. Thus, the last official, permanent address provided to the court and solicitor by Fairey was his California address. Merely because Fairey listed a "temporary address" on his motion to quash and motion to dismiss over a year prior to his trial does not notify the court and solicitor of a change of address so as to direct where all notices, pleadings and other papers may be served. Therefore, notice of Fairey's trial was properly sent to California, and as such, Fairey was placed on notice of his right to be present at his July 2004 trial.

Id. at 101, 646 S.E.2d at 449.

The Court agrees with the Magistrate Judge's assessment of Ground One of the § 2254 petition. As the Supreme Court stated in *Faretta v. California*, 422 U.S. 806 (1975),

> Th[e] Court has often recognized the constitutional stature of rights that, though not literally expressed in the document, are essential to due process of law in a fair adversary process. It is now accepted, for example, that an accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings . . . .

*Faretta*, 422 U.S. at 819 n.15; *see also United States v. Rolle*, 204 F.3d 133, 136 (4th Cir. 2000).

The accused's right to be present at his or her trial, however, is a right that can be waived. *United States v. Camacho*, 955 F.2d 950, 953 (4th Cir. 1992) ("A defendant may waive his constitutional right to be present at his own trial." (citing *Taylor v. United States*, 414 U.S. 17 (1973))); *United States v. Peterson*, 524 F.2d 167, 183-84 (4th Cir. 1975); *see also State v. Patterson*, 367 S.C. 219, 229, 625 S.E.2d 239, 244 (Ct. App. 2006) (noting that Rule 16 of the South Carolina Rules of

Criminal Procedure permitted a waiver of the right to be present in certain circumstances).

In addressing Fairey's argument on appeal, the South Carolina Court of Appeals concluded that notice of Fairey's trial was properly sent to California and that Fairey was put on notice that he would be tried in his absence if he did not appear for trial. *Fairey*, 374 S.C. at 101-03, 646 S.E.2d at 449-50. This determination was not contrary to or an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States, nor has Fairey shown the state court's determination of the facts was unreasonable in light of the evidence presented in state court. Accordingly, Fairey is not entitled to relief pursuant to Ground One of his § 2254 petition.

In Section Three of his Objections, Petitioner asserts that the state court "at no time made any attempt to warn . . . [him] of the dangers of self-representation despite numerous opportunities, both written and oral, to do so." (Objections at 9-10.) Petitioner asserts "the warnings were never 'rigorously conveyed'" as required by *Iowa v. Tovar*, 541 U.S. 77 (2004).

As Magistrate Judge Rogers noted, although the Sixth Amendment guarantees a right to counsel, that right can be waived. *See Faretta*, 422 U.S. at 836 ("In forcing Faretta . . . to accept against his will a state-appointed public defender, the California courts deprived him of his constitutional right to conduct his own defense."). The South Carolina Court of Appeals upheld the lower court's determination that Fairey waived his right to counsel. In addressing Fairey's arguments, the South Carolina Court of Appeals noted that the bond sheet signed by Fairey contained a section entitled "ACKNOWLEDGMENT BY DEFENDANT" stating, "I understand and have been informed that I have a right and obligation to be present at trial and should I fail to attend the court, the trial will proceed in my absence." *Fairey*, 374 S.C. at 102, 646 S.E.2d at 449-50. The court also

noted that Fairey, by his conduct, had waived his right to counsel:

> From the date the court granted Weldon's motion to be relieved, Fairey was aware of his duties and obligation as a pro se litigant and was alternatively instructed to hire counsel. Fairey failed to hire another attorney and proceeded to represent himself. Fairey was aware of his obligations and seemed knowledgeable about the legal system, as he maintained contact with the court and solicitor, made two requests to produce to the solicitor and filed various pro se motions. Further, his statements and conduct during proceedings reflected a familiarity with the workings of the legal system and the options legally available to him. . . . Based on Fairey's actions, we find Fairey engaged in deliberate and dilatory conduct sufficient to waive his right to counsel.

*Id.* at 105-06, 646 S.E.2d at 451-52.

Although Petitioner asserts *Tovar* entitles him to relief on his § 2254 petition, this Court disagrees. *Tovar* concerned "the extent to which a trial judge, before accepting a guilty plea from an uncounseled defendant, must elaborate on the right to representation." *Tovar*, 541 U.S. at 81. The question presented was as follows:

> Beyond affording the defendant an opportunity to consult with counsel prior to entry of a plea and to be assisted by counsel at the plea hearing, must the court, specifically: (1) advise the defendant that waiving the assistance of counsel in deciding whether to plead guilty entails the risk that a viable defense will be overlooked; and (2) admonish the defendant that by waiving his right to an attorney he will lose the opportunity to obtain an independent opinion on whether, under the facts and applicable law, it is wise to plead guilty?

*Id.* The Court held that "neither warning is mandated by the Sixth Amendment." *Id.* The Court stated, "The constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and the range of allowable punishments attendant upon the entry of a guilty plea." *Id.* Nothing in *Tovar* warrants the relief demanded by Petitioner.

The Court has carefully reviewed the entire record, the R&R, and Petitioner's objections.

The state court's decision was not contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, nor has Petitioner shown that the state court's determination of the facts was unreasonable in light of the evidence presented in state court. See 28 U.S.C. § 2254. Accordingly, none of Petitioner's objections have merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Respondent's Motion for Summary Judgment is **GRANTED**. It is further **ORDERED** that all other pending motions are deemed moot.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**September 13, 2010**

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.